124

## ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday, the 4th day of April, 1989.

Andrea McIntosh, Appellant,

against

Almaca, Inc. & Aetna Casualty & Surety Co., Appellee.

Record No. 0623-88-4.

Before Judges Hodges, Keenan and Moon.

The statutory deadline for filing a change in condition application is twenty-four months from the last date for which compensation was paid. Code § 65.1-99. Therefore, under the facts of this case, McIntosh was required to file her application by February 8, 1988. Although it was delivered to the commission's office in Alexandria on February 4, 1988, McIntosh's application did not reach the commission's Richmond office until February 10, 1988.

The term "filed" is specifically defined in Code § 65.1-2.1, which provides:

> Filed as used in this Act shall mean hand-delivered to the Commission's office in Richmond; sent by telegraph, or posted at any post office of the United States Postal Service by certified mail or registered mail. Filing by first-class mail shall be deemed completed only when the application actually reaches the Commission's offices in Richmond.

Based on this definition, we find that McIntosh did not file her application in a timely manner because her application did not actually reach the commission's offices in Richmond until February 10, 1988.

We further find that the doctrine of estoppel does not apply in this case. "[I]t is well settled that the doctrine of estoppel does not apply to the rights of a State when acting in its sovereign or governmental capacity. This is so because the legislature alone has the authority to dispose of or dispense with such rights." *Main v. Dept. of Highways*, 206 Va. 143, 150, 142 S.E.2d 524, 529 (1965). In the case before us, a clerk of the commission allegedly told McIntosh's counsel that the application would be "stamped" as of the date it was delivered to the commission's Alexandria office. This alleged statement was unauthorized because it clearly contradicted the filing requirements set forth in Code § 65.1-2.1. The commission, a governmental agency of the Commonwealth, cannot be bound by this unauthorized representation of its employee. *See Id.*

For the reasons stated, the decision of the commission is affirmed. The appellant shall pay to the appellees thirty dollars damages.

This order shalll be certified to the Industrial Commission of Virginia.